ANDREW J. MURPHY, SR., Chairman, EDWARD C. CROW and HARRY P. DRISLER, Members of the UNEMPLOYMENT COMPENSATION COMMISSION OF MISSOURI, Appellants, v. RUFUS H. LIMPP.—147 S. W. (2d) 420.

Division Two, February 1, 1941.

*Harry G. Waltner, Jr.*, Chief Counsel, and *Edward D. Summers*, Assistant Counsel, for appellants.

250

*Culver, Phillip, Kaufmann & Smith* for respondent.

WESTHUES, C.—The following statement of appellants is adopted by the court:

"This action was brought by the members of the Unemployment Compensation Commission under Section 15 (h) of the Unemployment Compensation Law (Laws 1939, p. 925), against Refus H. Limpp in the Circuit Court of Gentry County for the purpose of collecting contributions under the provisions of the Unemployment Compensation Law. The petition, in six counts, was filed on August 25, 1939, and the cause was returnable to the December, 1939 term of such Court. On the first day of the return term the defendant filed his motion to require plaintiffs to give security for costs, and on December 12, 1939, the Court sustained such motion. Thereafter, on December 12, 1939, defendant filed his answer, denying his liability under the act and alleging that the Unemployment Compensation Law is unconstitutional as applied to him. A Stipulation and Agreed Statement of Facts was then filed and the cause was submitted, the Court taking it under advisement on the agreed facts. On February 1, 1940, the Court rendered judgment against the plaintiffs and in favor of the defendant. After timely motions for new trial and in arrest of judgment were filed and overruled, an appeal was duly allowed to this Court on February 1, 1940.

"The defendant is an individual engaging in the retail oil business at King City, Missouri, and has at all times mentioned in the petition had one and more persons in his employ. During the year 1936 the defendant had eight and more individuals in employment on some portion of a day in each of twenty different weeks. This employment experience during 1936 constitutes the basis of plaintiffs' contention that the defendant is liable to make contributions under the Unemployment Compensation Law with respect to wages payable by him during the year 1937, the four calendar quarters of 1938 and the first calendar quarter of 1939. The contributions sued for are computed upon the basis of a percentage of wages payable by the defendant and are in the amounts, for the periods, and became due as follows:

| Period. | Amount. | Due Date. |
|---|---|---|
| Year, 1937 | $119.25 | January 20, 1938 |
| 1st Quarter, 1938 | 40.91 | April 30, 1938 |
| 2nd Quarter, 1938 | 41.04 | July 31, 1938 |
| 3rd Quarter, 1938 | 45.63 | October 31, 1938 |
| 4th Quarter, 1938 | 26.73 | January 31, 1939 |
| 1st Quarter, 1939 | 26.73 | April 30, 1939 |

"The plaintiffs contend that the defendant is an employer within the meaning of Sections 3 (h) (1) and 3 (h) (5) of the Unemployment Compensation Law and therefore. liable to make contributions in accordance with such law to the Unemployment Compensation Fund. Defendant does not admit that he is an employer as claimed by the plaintiffs, and claims that if the law may be construed as being applicable to him, it is violative of the following provisions of the Constitution: Article 2, Section 15; Article 2, Section 4; Article 2, Section 30; Article 3, Section 10; and the 14th Amendment of the Constitution of the United States.''

In the stipulation referred to it was admitted that respondent had in his employ eight or more individuals during the year 1936 on some portion of a day in each of twenty different weeks; that respondent did not have in his employ eight or more employees on any day since January 1, 1937. Appellants contend that the following sections of the Unemployment Compensation Law subjected respondent to the provisions of the act. Section 3 (g), 3 (h) (1), and 3 (h) (5), Laws 1937, pages 575 and 576. These sections read in part as follows:

"(g) 'Employing unit' means any individual or type of organization, . . . which has or subsequent to January 1, 1936, had in its employ one or more individuals performing services for it within this state.''

"(h) 'Employer' means:

"(1) Any employing unit which for some portion of a day, but not necessarily simultaneously, in each of twenty different weeks, whether or not such weeks are or were consecutive,. within either the current or the preceding calendar year, has or had in employment, eight or more individuals irrespective of whether the same individuals are or were employed in each such day.''

"(5) Any employing unit which, having become an employer under paragraph (1), (2), (3) or (4), has not, under Section 7, ceased to be an employer subject to this Act.''

Section 7, Laws 1937, page 587, referred to in Section 3 (h) (5), insofar as involved in this case, reads as follows:

"(b) Except as otherwise provided in subsection (c) of this section, an employing unit shall cease to be an employer subject to this Act as of the first day of January of any calendar year, if it files with the commission, prior to the fifth day of January of such year, a written application for termination of coverage, and the commission finds that there were no thirteen different days, each day being in a different week within the preceding calendar year, within which such employing unit employed eight or more individuals in employment subject to this Act.''

The above law, enacted by the Legislature of 1937, contained an emergency clause and became effective on June 17, 1937. Respondent

contends that since he did not employ eight or more persons at any time, after January 1, 1937, he is not subject to the tax sued for; that the law as interpreted by the commission is retrospective and violative of Section 15, Article II of the Missouri Constitution, because the tax sued for was based on a status as existed prior to the enactment of the law. Appellants, in their statement above set forth, make the following assertion: ''This employment experience during 1936 constitutes the basis of plaintiff's contention that the defendant is liable to make contributions under the Employment Compensation Law with respect to wages payable by him during the year 1937, etc.'' Appellants cite the case of Murphy et al. v. Hurlbut Undertaking & Embalming Company, 346 Mo. 405, 142 S. W. (2d) 449, decided by Division One of this court, as authority that defendant was subject to the law and required to pay the tax.

The question now before us was not mentioned in that case as will be noted by the following statement quoted from the opinion. ''It is conceded that defendant was, during the year 1937, under the act, and that it paid all contributions accruing in 1937.'' The defendant in that case notified the commission on January 20, 1938, that it would have only seven employees during the year 1938. The court held that the defendant had not complied with subdivision (b) of Section 7, supra, which provides that an employing unit which is under the act may be exempt from the act if it shall, prior to January 5th of any year, make written application for a termination of coverage, and the commission finds that there were no thirteen different days, each day being in a different week within the preceding calendar year, within which such employing unit employed eight or more individuals in employment subject to the act.

This court further commented, ''Defendant was under the act in 1937 because it had eight or more employees for the required time.'' So the court ruled, and correctly so, that the defendant in that case could not escape the tax for the year 1938 under the provisions of subdivision (b) of Section 7. Appellants also cite the case of Carmichael v. Southern Coal & Coke Co., 301 U. S. 495, 109 A. L. R. 1327. In that case the Alabama Unemployment Compensation Law, similar to the Missouri act, was held constitutional. The point under consideration was not present in that case. Respondent in this case does not contend that the Missouri law is unconstitutional except insofar as the commission attempts to bring within its terms employing units who at no time, after January 1, 1937, had as many as eight employees. It does seem to us that the law, as interpreted by the commission, insofar as it attempts to subject employing units to a tax on a status existing prior to the enactment of the act, is retrospective in character and therefore unconstitutional.

The Supreme Court of North Carolina in Unemployment Compensation Commission v. Wachovia Bank & Trust Co., 215 N. C. 491, 2 S. E.

(2d) 592, l. c. 598, had under consideration a somewhat similar situation. In that case the Unemployment Compensation Law became effective on December 16, 1936. The commission attempted to collect the tax for the year 1936. The court, after considering the question at length, tersely stated: "Insofar as the act attempts to require the payment of contributions 'in respect to employment' for the year 1936 it is retroactive and is in direct conflict with the provisions of Article I, Section 32, of the Constitution and is void." Our constitutional inhibition as to retrospective laws is even broader than that of North Carolina, above referred to. In that case, however, the defendant was subject to a tax for the year 1937 because it had eight or more employees, so the precise question before us now was not present in that case. In principle, however, there is a strong similarity.

Appellants, in a reply brief, refers us to the case of Shelton Hotel Company v. Bates (Wash.), 104 Pac. (2d) 478. The question there decided was similar to the point decided by Division One of this court in Murphy v. Hurlbut Undertaking & Embalming Company, supra. The hotel company was admittedly under the act in 1938. It desired to terminate coverage for the year 1940. It is evident that the case is not in point on the question now under consideration.

There is no escape from the conclusion that respondent was taxed for the year 1937 because he had in his employ eight or more employees in the year 1936. Analogous to the situation would be a law enacted in 1937, taxing an individual because in 1936 he had had an income sufficient to come within the law but did not have a taxable income in 1937. Such a law would clearly be retrospective and void. [See Graham Paper Co. v. Gehner et al., 59 S. W. (2d) 49, 332 Mo. 155; Smith v. Dirckx, 283 Mo. l. c. 197, 198, 223 S. W. 104, l. c. 106.] In the latter case the court quoted with approval Mr. Justice STORY's definition of a retrospective law as follows: "Every statute which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective." The present law, enacted in 1937, attempts to impose a tax on respondent for the year 1937, because he employed eight or more people in the year 1936, thus creating a new obligation and imposing a new duty on a past transaction or condition which existed in 1936. We rule, therefore, that insofar as the act in question attempts to tax employing units, who, after January 1, 1937, at no time employed eight or more employees, on the basis that eight or more were employed in previous years, is retrospective and void.

The trial court entered a judgment for the costs incurred against appellants. This action was assigned as error and appellants contend that the State is not liable for the costs in a case of this character. In 59 C. J., p. 332, sec. 503, we read: "It is a general

and well established rule, apart from statute, that costs are not recoverable from a state, in her own courts, whether she has brought suit as plaintiff or has properly been sued as defendant; or whether she is successful or defeated." Therefore, absent a statutory provision, the costs were erroneously assessed against the State. Respondent cites Section 1255, Revised Statutes 1929, Mo. Stat. Ann., p. 1476, but that section, as we read it, does not govern an action of this nature. Its provisions are expressly confined to actions on contracts by the State, such as bonds, etc.

The judgment of the circuit court in favor of the respondent on the merits of the case is affirmed, and that part of the judgment assessing the costs against the State is reversed. *Cooley* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.