STATE of Missouri ex rel. Thomas F. EAGLETON, Attorney General, Appellant,

v.

Manuel CAMERON, Respondent.

No. 49720.

Supreme Court of Missouri,

Division No. 2.

Dec. 14, 1964.

Thomas F. Eagleton, Atty. Gen., Clyde Burch, Asst. Atty. Gen., Jefferson City, for appellant.

Walter D. McQuie, Jr., Montgomery City, for respondent.

STOCKARD, Commissioner.

The Attorney General of Missouri, as authorized by Section 198.160 (statutory references are to RSMo 1959, V.A.M.S.), filed a petition on April 26, 1962, in the Circuit Court of Warren County whereby he sought to enjoin respondent's alleged operation of a nursing home when he had not obtained the license required by Chapter 198.

In addition to the request for a permanent injunction, appellant prayed for a temporary injunction "pending a final determination of this action." On May 1, 1962, the trial court issued its order to respondent that he appear on May 5, 1962, and "then and there show cause why a temporary injunction as pray-

ed by plaintiff should not be granted." See Sections 198.160 and 526.050 for the authority of a court to grant a temporary injunction, and Civil Rules 92.02 and 92.19, V.A.M.R., for the procedure pertaining thereto. At the appointed time respondent appeared with counsel, but instead of assuming the burden as contemplated by Civil Rule 92.19, and specifically set forth in the show-cause order, the Attorney General (of his own volition as far as shown by the record) assumed the burden, at least of going forward with the evidence, and presented the testimony of eight witnesses, including that of respondent and his wife. At the conclusion of all the evidence the court entered its judgment wherein it stated that the respondent "having been notified to be and appear before the Court on this date to show cause why a temporary injunction as prayed by plaintiff should not be granted, appears in person and with counsel, * * * and the parties announce ready for hearing and evidence is adduced on the merits of this cause." The court then found that appellant "has not proven the allegations of the petition; that * * * [respondent] is not providing maintenance, personal care or nursing service for three or more individuals not related to him, who by reason of illness, physical infirmities or advanced age are unable to care for themselves; and that defendant is not providing sheltered care to three or more individuals not related to him, which sheltered care includes treatment and service which meet needs of said individuals beyond their basic requirement for food, shelter and laundry." It was then decreed that "the temporary injunction sought by plaintiff not issue and is not granted, and *plaintiff's petition is dismissed* with costs taxed against plaintiff." (Italics added). The Attorney General has appealed.

The first point in appellant's brief is that the trial court erred "in dismissing plaintiff's petition after the hearing on the temporary injunction and its refusal to permit a hearing on the application for a permanent injunction for the reason that refusal to grant a temporary injunction is not a final determination of the cause where the petition was unchallenged as to form or sufficiency."

At the time of the hearing on May 5, respondent had not filed his answer, and it was not then due. Insofar as the question is governed by the pleadings, whether the State was entitled to a permanent injunction was not an issue then subject to determination. Whether the petition was subject to being dismissed on the ground of insufficiency could have been raised but was not. Respondent did not then, and does not now, challenge the sufficiency of the petition and the trial court did not dismiss it on that ground.

 Civil Rule 92.02 and Section 526.-050 authorize the issuance of a temporary injunction "when it shall appear by the petition" that the plaintiff is entitled to the relief demanded, and (1) such relief or any part thereof consists in restraining the commission or continuance of some act of the defendant, the commission or continuance of which, during the litigation, would produce injury to the plaintiff, or (2) when, during the litigation, it shall appear that the defendant is doing, or threatens, or is about to do, some act in relation to plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual. This latter situation is not involved in this case. Civil Rule 92.19 provides that when a temporary injunction is requested, and it is deemed proper by the trial court, the defendant "should be heard," that is, be afforded an opportunity to show why a temporary injunction should not be granted. Neither Civil Rule 92.19 nor any other rule contemplates that at the hearing on the show-cause order pertaining to a temporary injunction, there shall be a trial of the merits of the request for a permanent injunction, which frequently would not and in this case was not at issue on the pleadings. There is no requirement nor is it necessarily contemplated that at the hearing on the show-cause order plaintiff will pre-

sent all of its evidence on the merits of the request for a permanent injunction, and as previously mentioned, Civil Rule 92.19 does not necessarily contemplate that any evidence from plaintiff is necessary. The burden is expressly placed on the defendant to show cause why the temporary injunction should not be issued. Therefore, when the petition is sufficient, and by it plaintiff seeks to enjoin permanently the commission or continuance of some act of the defendant, and the trial court is of the opinion that the evidence at the hearing on the show-cause order does not warrant the issuance of a temporary injunction then the request for a temporary injunction should be denied. However, the determination as to whether the permanent injunction should be granted or denied, absent some impelling reason to the contrary, must await the trial on the merits after the issues are drawn by all of the pleadings. As stated in 43 C.J.S. Injunctions § 199 d (3), p. 921, "Unless the parties otherwise agree, the cause may not be finally determined on the evidence submitted at the hearing on the application for the preliminary injunction." See generally, Stegmann v. Weeke, 279 Mo. 131, 214 S.W. 134; State on Inf. of McKittrick v. American Ins. Co., 351 Mo. 392, 173 S.W.2d 51; 28 Am.Jur. Injunctions § 12.

Respondent urges that an impelling reason to dismiss the petition at the time it was done in this case did exist, and that the dismissal of the petition should be affirmed. It is asserted that the "entire case, both the show-cause order and the merits of issuance of a permanent injunction, [were] submitted to the court and taken by the court at the hearing on May 5, 1962."

The parties could by express agreement, even before the answer was due and filed, try the issue of a permanent injunction on its merits, and if no mention of an answer was made in the agreement, a general denial on the part of the defendant necessarily would be assumed. However, there was no such express agreement in this case. In fact, there is no reference whatever in the record concerning such an agreement or understanding, and at one time during the hearing counsel for the State asked whether certain facts could be stipulated "so [he] will know whether it is necessary to subpoena records from the licensed nursing home for the next hearing." No objection to this statement was made by respondent or the court on the basis that the present hearing was to be the final one.

■ The real basis for respondent's contention is that by the acts of the parties there was an implied agreement that the issue of the permanent injunction be tried at the hearing on the order to show cause. Respondent argues that this implied agreement is indicated by the fact that the State voluntarily assumed the burden of attempting to prove that it was entitled to a permanent injunction when by the show-cause order the burden was on respondent to show why the requested temporary injunction should not issue. The State did, for some reason not disclosed by the record, assume the burden of going forward with the evidence at the hearing on the show-cause order, but we find no basis for holding that it impliedly agreed to a hearing on the merits of its request for a permanent injunction, and that it assumed the burden of proving at that time that it was entitled to a permanent injunction. The most that can be said is that the State voluntarily assumed the burden of showing its entitlement to the matter then at issue; that is, the temporary injunction. At this hearing the State was not required to present its entire case, there is no indication that it intended to do so, and on the contrary it clearly appears that counsel for the State contemplated a subsequent trial on the merits of its request for a permanent injunction. We find no basis for ruling that the issue of the right of the State to a permanent injunction was tried by implied agreement at the hearing on the order to show cause why a temporary injunction should not be issued.

■ Although not urged by respondent, we shall mention that if it should appear at

the hearing on the order to show cause that for some reason *as a matter of law* plaintiff would in no event be entitled to a permanent injunction, the matter could then be finally disposed of, but it should be done pursuant to a motion for summary judgment or other appropriate proceeding. The record in this case does not disclose such situation.

■ Appellant also asserts that in any event the trial court erred in taxing the State of Missouri with costs of the proceeding. See Murphy v. Limpp, 347 Mo. 249, 147 S.W.2d 420; Hartwig-Dischinger Realty Co. v. Unemployment Compensation Commission, 350 Mo. 690, 168 S.W.2d 78. However, costs ordinarily are to be taxed at the termination of legal proceedings and in view of the disposition of this appeal we need not specifically rule this contention.

For the above reasons the judgment of the trial court dismissing the petition for a permanent injunction must be reversed. However, by this action we express no opinion concerning the *weight* to be given to the State's evidence, when presented, of noncontinuing violations by respondent of Chapter 198 prior to the filing of this petition in 1962 as the basis for granting a permanent injunction in 1965, which would be the earliest time a trial of the merits could be held. That is a matter for the consideration in the first instance by the trial court.

The judgment is reversed and the cause remanded.

BARRETT, C., concurs.

PRITCHARD, C., not participating.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.