**CANTEEN CORPORATION, Respondent,**

v.

**Gerald GOLDBERG, Director of Revenue, Missouri Department of Revenue, Appellant.**

No. 61224.

Supreme Court of Missouri, en banc.

Jan. 15, 1980.

John Ashcroft, Atty. Gen., Arnold R. Day, Asst. Atty. Gen., Jefferson City, for appellant.

Thomas E. Wack, William J. Travis, Thomas B. Weaver, St. Louis, for respondent.

DONNELLY, Judge.

This appeal involves assessment of taxes under the provisions of the Sales Tax Law (§§ 144.010 to 144.510, RSMo 1969). We have jurisdiction because the case involves "the construction of the revenue laws of this state * * *." Mo.Const. art. V, § 3.

On February 10, 1977, the Director assessed additional tax in the total amount of $38,231.78, including interest, against Canteen. On March 21, 1977, Canteen filed a Petition for Reassessment with the Director and paid the assessment of $38,231.78 under protest. On May 17, 1977, a hearing was held by a hearing officer of the Department of Revenue. On March 10, 1978, Canteen's Petition for Reassessment was denied. On April 6, 1978, Canteen filed a Petition for Judicial Review "in the manner provided by chapter 536, RSMo" in the Circuit Court of St. Louis County under the authority of § 144.261, RSMo 1969. (Cf. § 144.261, RSMo 1978, effective August 13, 1978, which provides for appeal from the Director under § 161.273, RSMo 1978, and for judicial review under §§ 161.337 and 161.338, RSMo 1978.)

On December 28, 1978, the Honorable Drew W. Luten, Judge of the St. Louis County Circuit Court, set aside and abated

the assessment of $38,231.78, ordered the Director to refund to Canteen the taxes paid under protest together with all interest earned thereon from March 21, 1977, and ordered the Director to pay the costs. The Director appealed to this Court.

The first issue on appeal compels a construction of § 144.010, RSMo 1969, which provides, in part, that " 'Sales at retail' means any transfer made by any person engaged in business as defined herein of the ownership of, or title to, tangible personal property to the purchaser, for use or consumption and not for resale in any form as tangible personal property, for a valuable consideration * * * ."

Canteen operated a dining facility for the residents of Council Plaza, a retirement home. Canteen rented space from Council Plaza and was in charge of the actual serving of meals to the retirees. Canteen billed Council Plaza monthly for the number of meals served, at a predetermined price per meal. Council Plaza in turn billed the retirees for their meals at a price fixed by Council Plaza. Council Plaza was legally obligated to pay Canteen for the meals whether or not Council Plaza received payment. This operation accounts for $18,453.53 of the total additional assessment.

The trial court found that the Canteen-Council Plaza operation involved two transactions: (1) sale by Canteen to Council Plaza of meals for resale, and (2) resale of the meals by Council Plaza to the retirees. We agree. We are cited to no case directly in point and have found none. In *Berry-Kofron Dental Laboratory Co. v. Smith*, 345 Mo. 922, 137 S.W.2d 452 (1940), this Court sought to define a "sale at retail." We need not approve or disapprove the *Berry-Kofron* language. A *general* rule, other than the language of § 144.010, *supra*, may serve no useful purpose. *In this case*, the meals were sold by Canteen to be eaten by the retirees. There was no "sale at retail" by Canteen to Council Plaza. The trial court did not err in ruling this issue.

The second issue on appeal compels an application of § 144.020, RSMo 1969,

which imposes upon "every retail sale in this state of tangible personal property a tax equivalent to three percent of the purchase price paid * * * ."

This issue involves sales tax on receipts from coin-operated vending machines placed by Canteen in Missouri. This operation accounts for $19,122.45 of the total additional assessment.

An example of the operation is the sale of a candy bar from a vending machine for twenty-five cents. Canteen would contend it was charging twenty-four cents for the candy bar and collecting one cent sales tax. The Director would contend that § 144.020, *supra*, imposes the tax on twenty-five cents. The Director points to § 144.080.5, RSMo 1969, which makes it unlawful for any person to "hold out" that sales tax "will not be separately stated and added to the selling price of the property sold * * * ." We are unable to discern, with any degree of certainty, which, if any, regulations were in effect during the period of assessment involved in this case.

"It is well established that the right of the taxing authority to levy a particular tax must be clearly authorized by the statute, and that all such laws are to be construed strictly against such taxing authority." *State ex rel. Ford Motor Co. v. Gehner*, 325 Mo. 24, 29, 27 S.W.2d 1, 3 (banc 1930).

Section 144.010, *supra*, provides that for the purposes of the Sales Tax Law, the "amount of the sale price [which is taxed] * * * shall be deemed to be *the amount received*." (Emphasis added). In our view, the teaching of *Gehner, supra,* as applied to this case, is that "the amount received" by Canteen in the candy bar example, *supra*, was twenty-four cents. To hold otherwise would be to give § 144.080.5, *supra*, an effect not clearly intended and would be to reach a result not supported by the evidence. The trial court did not err in ruling this issue.

The third issue on appeal involves the action of the trial court in ordering the Director to pay court costs. Canteen concedes the error.

■ The fourth issue on appeal involves the action of the trial court in ordering the Director to refund to Canteen "all interest *earned* [on the sales taxes paid under protest] * * * from March 21, 1977 * *." (Emphasis added).

In *Southwestern Bell Telephone Co. v. Feuerstein,* 529 S.W.2d 371 (Mo.1975), a case involving real estate taxes in St. Charles County, this Court held that a taxpayer is entitled to interest *earned* on impounded funds. In *International Business Machines Corporation v. State Tax Commission,* 362 S.W.2d 635, 641 (Mo.1962), this Court denied the allowance of interest on refunds, noting "there is no provision in the sales tax act for the payment of interest on refunds." The Court did not address the question of interest *earned* on refunds.

We decline to expand the *Feuerstein* holding to the Sales Tax Law. On the record before us, we cannot anticipate the practical effect of such a holding.

The judgment of the trial court is affirmed on the first and second issues and reversed and remanded on the third and fourth issues.

RENDLEN, WELLIVER, MORGAN and HIGGINS, JJ., concur.

SEILER, J., concurs in part and dissents in part in separate opinion filed.

BARDGETT, C. J., dissents in separate dissenting opinion filed.

SEILER, Judge, concurring in part and dissenting in part.

I concur in that portion of the principal opinion which reassesses the taxes as to the meals, except that I would allow respondent the interest earned on the refund.

I concur in the dissenting opinion of BARDGETT, C. J., as to the denial of reassessment on sales made through the vending machines.

BARDGETT, Chief Justice, dissenting.

I respectfully dissent.

The facts have been stated in the principal opinion. Respondent Canteen Corporation was in control of the food which it, through its employees, served to the consumers, who are residents of Council Plaza, a retirement home, and the entire food operation was in the total control of Canteen Corporation. The prices of the meals were fixed in the contracts between Council Plaza and Canteen Corporation, and the serving of these meals to the residents was in satisfaction of contractual obligations undertaken by Council Plaza to the residents. The contract itself states that its purpose was to allow respondent Canteen Corporation to conduct a restaurant and catering business on the premises of Council Plaza. No Council Plaza employees were in control of the food at any time. Under the contract respondent was obligated to prepare and serve two meals a day for each registrant and to dispose of all leftovers, as well as to pay all taxes assessed against equipment or merchandise as a result of this operation.

The burden of proving that the sale of the food in this instance was not a sale at retail is upon the person who made the sale. An exemption certificate signed by the purchaser [Council Plaza] or its agent is required to be kept by the seller [Canteen Corporation] as evidence of any exempt sales claim. Section 144.210 RSMo 1969. Exemption certificates are acknowledgments by the purchaser of goods that the sale to the purchaser was not a sale at retail but a sale for resale. Canteen Corporation did not obtain any such certificates from Council Plaza in this case. Council Plaza was legally obligated to pay Canteen for the meals whether or not Council Plaza received payment from the residents.

In my opinion there is no substantial evidence to support a finding that there was, in fact, first a sale by Canteen to Council Plaza of meals for resale and then a resale of the meals by Council Plaza to the retirees. In my opinion the evidence clearly supports the finding that the only *sale* was from Canteen to Council Plaza at retail and not for resale. As noted, Council Plaza was merely carrying out its contract with the residents in the purchase of these meals

from Canteen. This is quite similar to *American Airlines, Inc., v. Department of Revenue,* 58 Ill.2d 251, 319 N.E.2d 28 (1974), in which sales of good by a caterer to an airline for in-flight service to passengers were considered sales at retail for use and consumption by the airline. Obviously the airline does not eat meals; but, nevertheless, it was the airline that agreed to supply the customers with meals, and the airline satisfied its contractual obligation by contracting with the caterer and purchasing the meals from the caterer for service to the customers.

Therefore, in my opinion, the trial court was in error in holding that the sale by Canteen to Council Plaza of meals constituted a sale for resale. In my opinion the sale by Canteen to Council Plaza was a sale at retail and was properly subject to sales tax. I would therefore reverse the trial court's holding on this issue with directions to reinstate the decision of the Director of Revenue.

As noted in the principal opinion, the second issue on appeal involves sales through a vending machine. The example given is a candy bar that can be purchased out of the machine by inserting twenty-five cents. The advertised price of this candy bar is twenty-five cents. The Director of Revenue imposed a tax on the twenty-five cents. That was the price the seller advertised on the machine as the selling price of the product. The sales tax in Missouri is a tax upon the seller for the privilege of engaging in the business of selling tangible personal property, etc. Section 144.020.1 RSMo Supp.1973. It is a tax that is imposed upon the gross receipts, which means the total amount of the sale price of the sale at retail. Sections 144.010.1 and 144.-021 RSMo 1969. The seller is prohibited from advertising, holding out, or stating to the public or any customer, directly or indirectly, that the tax or any part thereof will be assumed or absorbed by the seller or that it will not be separately stated and added to the selling price of the property sold. Violation of this provision is a misdemeanor. Section 144.080.5 RSMo 1969.

It is clear that if a person purchased a candy bar advertised in a counter for sale at twenty-five cents and paid the sales person twenty-five cents for that candy bar, the sales person would be required to collect the sales tax on the twenty-five cents in addition to the twenty-five cents, and the seller's liability would be for the tax on the gross twenty-five cent sale. The seller would not be allowed to avoid payment to the state of sales tax on the full twenty-five cents by simply contending that the advertised price of twenty-five cents included the sales tax. That would be a violation of § 144.080.5, *supra.* I find no provision in the sales tax act applicable to this case that permits the seller to exercise any discretion with respect to the amount or percentage of the sales price for which he will become obligated to the state on any particular sale. It is clear from that act that the tax is on the total sales price or gross receipts when speaking of a number of sales. In my opinion there is no provision in that act that allows the merchant to claim that the sales price is something less than the price listed by the merchant for sale of the product simply because he happens to sell the product by way of a machine. In my opinion the holding of the principal opinion permits the merchant to pay a tax on something less than the sales price of the product and that, I submit, is contrary to the provisions of the sales tax act applicable to this case. The statute imposed the tax on the sales price but the principal opinion authorizes the tax to be imposed on a sum less than the sales price.

I would therefore reverse the judgment of the circuit court as to this issue with directions to reinstate the finding of the Director of Revenue.