Dear Mr. Hockemeier:
This opinion is in response to your question asking:
 Who is responsible for payment of filing fees and other costs of a civil action brought on behalf of the county hospital for collection of an overdue account?
In your opinion request, you state the facts as follows:
 Ray County is a third class county. The county hospital is organized pursuant to the provisions of Section 205.160 — 205.378, RSMo. Pursuant to Section 205.379, RSMo 1978, the county hospital has employed legal counsel other than the Prosecuting Attorney for the purpose of filing suit on overdue accounts. Since it is a county hospital, the Board of Trustees has requested an opinion on whether it is responsible for the payment of court costs in a civil action filed on its behalf.
It is clear that neither the state nor the county is liable for costs unless there is a specific statutory provision authorizing the payment of such costs. Murphy v. Limpp,147 S.W.2d 420, 423 (Mo. 1940); Automagic Vendors, Inc. v. Morris,386 S.W.2d 897, 900-901 (Mo. Banc 1965); Hartwig-DischingerRealty Co. v. Unemployment Compensation Comm., 168 S.W.2d 78,82 (Mo. Banc 1943); Dubinsky Brothers, Inc. v. IndustrialCommission of Missouri, 373 S.W.2d 9, 16 (Mo. Banc 1963);Labor's Educational and Political Club v. Danforth, 561 S.W.2d 339,350 (Mo. Banc 1977).
A possibly applicable statute is § 514.190, RSMo, which provides:
 In suits upon obligations, bonds, or other specialties, or on contracts, express or implied, made to or with the state, or the governor thereof, or any other person, to the use of the state, or to a county, or the use of a county, and not brought on the relation or in behalf or for the use of any private person, if the plaintiff shall recover any debt or damages, costs shall also be recovered as in other cases; but if such plaintiff suffer a discontinuance, or suit be dismissed, or non prossed, or if a verdict shall be found in favor of the defendant, he shall recover his costs.
The same provision is found in Supreme Court Rule 77.18.
Section 514.200, RSMo, also provides:
 In all such cases, the judgment against the state or county shall not be for costs generally, but the amount thereof shall be expressed in the judgment, and no such judgment shall afterwards be amended so as to increase the amount for which it was originally entered; and, upon a transcript of such judgment, together with a certified copy of the fee bill, showing the items of cost, being presented to the state auditor or the county court, the same shall be audited and allowed.
The same provision is found in Supreme Court Rule 77.19.
What is now § 514.190 was first enacted in 1825, R.S. 1825, p. 229, § 18, as follows:
 Be it further enacted, That in all suits commenced or to be commenced upon any obligation, bond or other specialty, or any contract express or implied made to or with the state, or the governor thereof, or any other person to the use of the state or any county, then and in every such case, if the plaintiff shall recover any debt or damages in such action, he shall recover costs as any other person in like cases, but if such plaintiff suffer a discontinuance, or be non-suited or non-prossed, or verdict pass against him, the defendant shall not recover any costs against the plaintiff.
Section 514.200, RSMo, was first enacted in 1845, R.S.Mo. 1845, p. 244, § 20, in substantially the present form. It appears that the provisions of the Laws of 1825 (514.190) very likely were intended to apply to actions brought against the state or the county on such obligations and not to actions brought by the state or the county.
By 1845, R.S.Mo. 1845, p. 244, § 19, the language which we now find in § 514.190, ". . . and not brought on the relation, or in behalf, or for the use of any private person . . . ." had been added, as well as a change in the final phrase of the section, which provided that ". . . if such plaintiff suffer a discontinuance, or be non-suited or non-prossed, or if a verdict shall be found in favor of the defendant, he shall recover his costs." This change appeared to make § 514.190
inapplicable to actions brought by private persons and seems to be consistent with the caption given that section by the revisor of statutes, which presently states, "Suits by state, adjudication of costs."
Despite the fact that § 514.190 has been in existence for such a long period of time, we find no applicable court decisions to guide us. Such section was mentioned in Murphy v.Limpp, supra, but the court stated only that:
 [T]hat section, as we read it, does not govern an action of this nature. Its provisions are expressly confined to actions on contracts by the state, such as bonds, etc.
It is our view that § 514.190 does not allow costs generally against the state or the county in such actions. This view appears to be borne out by the provisions of § 514.200, which we have quoted above. We believe that it is clear from the cases we have cited that for costs generally to be allowed against the state or the county there must be a statute which clearly provides that such costs shall be allowed. We do not believe that § 514.190 contains such express provisions. Under § 514.190
if the plaintiff (the state or the county) prevails, costs are to be recovered by the state or the county as in other cases. This does not mean that the legislature has imposed liability upon the state or the county in such cases for such costs. It only means that the state or the county shall recover the costs which they have incurred and which are allowable in cases in which the state or the county prevail, and if the state or the county ". . . suffer a discontinuance, or suit be dismissed, or non prossed, or if a verdict shall be found in favor of the defendant, he [the defendant] shall recover his costs." Clearly, the latter phrase with respect to the recovery of the defendant's costs does not require that the state or the county pay costs generally. If the legislature had intended that the state or county pay costs generally, it seems that they would have stated that the costs of the action would be taxed against the state or the county and would not have phrased it as they did in § 514.190.
Because it is our view that § 514.190 does not make the state or the county liable in such actions for all costs of the action but only for the costs of the defendant in the situations provided, we believe that it follows that neither the state nor the county is required to comply with local court rules with respect to the filing of certain filing fees to cover the costs of the action. To the extent that liability for costs may exist under § 514.190, the board of trustees of the hospital should pay such costs out of the hospital fund.
CONCLUSION
It is the opinion of this office that a filing fee is not required in an action brought on behalf of a county hospital organized under the provisions of § 205.160 for the collection of an overdue account.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General