**Robert L. NICOLAI, Plaintiff-Appellant,**

v.

**STATE of Missouri, Department of Revenue, Defendant-Respondent.**

**No. 43768.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 15, 1981.

Robert L. Nicolai, pro se.

Bernard Brown, Asst. Circuit Atty., St. Louis, John Ashcroft, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

REINHARD, Judge.

Petitioner received an adverse ruling by the Director of Revenue under the Safety Responsibility Act. He filed a Petition for Review in the St. Louis City Circuit Court. The Court reversed the decision of the Director and ruled in favor of petitioner but assessed costs against petitioner. Petitioner appeals, contending that since he was the prevailing party, costs were erroneously assessed against him. We affirm.

Section 514.060, RSMo. 1978 states: "In all civil actions, or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law." Rule 77.06 was in effect at the time of the decision and it is identical to § 514.060. (See present Rule 77.01)

In *Murphy v. Limpp,* 347 Mo. 249, 147 S.W.2d 420 (1940) the Supreme Court, quoting 59 C.J. 503, said "It is a general and well established rule apart from statute that costs are not recoverable from a state, in her own courts, whether she has brought suit as plaintiff or has properly been sued as defendant; or whether she is successful or defeated." *Id.* at 423.

The Supreme Court determined in 1965 that Rule 77.06 did not impose liability for

costs upon the State. *Automagic Vendors, Inc. v. Morris*, 386 S.W.2d 897 (Mo. banc 1965).

Petitioner recognizes these cases but contends that in light of the abrogation of sovereign immunity in *Jones v. State Highway Commission*, 557 S.W.2d 225 (Mo. banc 1977), the attitude as to the liability of the sovereign has changed and that this should also affect the State's liability for costs. Since its ruling in *Jones*, the Supreme Court has, in at least three cases, stated that the state is not liable for costs. *See Canteen Corp. v. Goldberg*, 592 S.W.2d 754 (Mo. banc 1980); *State ex Inf. Ashcroft v. Riley*, 590 S.W.2d 903 (Mo. banc 1979); *Labor's Educational and Political Club v. Danforth*, 561 S.W.2d 339 (Mo. banc 1977). Petitioner's position is not supported by law.

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.