**Oscar C. HIRSCH, et al., Respondents,**

v.

**STATE TAX COMMISSION, Appellant.**

No. 63744.

Supreme Court of Missouri,
En Banc.

Feb. 23, 1983.

John Ashcroft, Atty. Gen., Madeleine O. Birmingham, Asst. Atty. Gen., Jefferson City, for appellant.

John P. Bradshaw, Daniel P. Finch, Finch, Bradshaw, Strom & Steele, Cape Girardeau, for respondents.

DONNELLY, Judge.

This is an appeal from the Circuit Court of Cape Girardeau County which reversed the State Tax Commission's decision to assess income tax against respondents. Respondents are shareholders of the Hirsch Broadcasting Company, a Missouri corporation which, during the taxable years in question, was a Subchapter S corporation under 26 U.S.C. § 1372. For the taxable years ending December 31, 1973, and December 31, 1974, respondents included as taxable income on their Missouri tax returns their pro rata share of the corporation's undistributed taxable income. Each took a deduction for that portion which constituted a respective share of said income which the corporation had earned as interest on investments in United States government obligations. The Missouri Di-

rector of Revenue disallowed the interest deduction. An appeal was taken to the State Tax Commission, which affirmed the Director's decision. Respondents then filed a petition for review in the Circuit Court of Cape Girardeau County, which found in their favor. The State Tax Commission filed this appeal. This Court has jurisdiction because construction of the revenue laws of Missouri is involved. Mo. Const. art. V, § 3.

The question on appeal is whether shareholders of a Subchapter S corporation (26 U.S.C. § 1372), when they report for purposes of Missouri taxable income their pro rata share of the taxable income of the corporation payable to them as dividend income, must include the dividend income representing interest earned on United States government obligations held by the corporation.

■ The law is settled: (1) As a general rule, states may not tax obligations of the United States government, *Society for Savings v. Bowers,* 349 U.S. 143, 75 S.Ct. 607, 99 L.Ed. 950 (1955); and (2) "It is well established that the right of the taxing authority to levy a particular tax must be clearly authorized by the statute, and that all such laws are to be construed strictly against such taxing authority." *State ex rel. Ford Motor Co. v. Gehner,* 325 Mo. 24, 29, 27 S.W.2d 1, 3 (banc 1930).

When a Missouri corporation makes an election, under § 143.471, RSMo 1978 (which is identical to the statute in effect during the taxable years in this case), it is not subject to the income tax imposed by § 143.071, RSMo 1978, on ordinary corporations. More specifically, § 143.471 provides that if a small business corporation elects under 26 U.S.C. § 1372(b) to be a Subchapter S corporation, it shall be governed by §§ 1373, 1374, and 1375 of the Internal Revenue Code. Section 1373(b) states that each shareholder "of an electing small business corporation . . . shall include in his gross income, for his taxable year . . . the amount he would have received as a dividend, if on such last day there had been distributed pro rata to its shareholders by

such corporation an amount equal to the corporation's undistributed taxable income for the corporation's taxable year." Thus, a shareholder of a Subchapter S corporation reports his pro rata share of the corporation's taxable income as his own income as an individual. Section 143.121, RSMo 1978, provides in pertinent part as follows:

143.121. *Missouri adjusted gross income* 1. The Missouri adjusted gross income of a resident individual shall be his federal adjusted gross income subject to the modifications in this section.

\*     \*     \*     \*     \*     \*

3. There shall be subtracted from his federal adjusted gross income the following amounts to the extent included in federal adjusted gross income:

(a) Interest or dividends on obligations of the United States and its territories and possessions or of any authority, commission or instrumentality of the United States to the extent exempt from Missouri income taxes under the laws of the United States.

In our view, § 143.121, supra, demonstrates that Missouri recognizes the United States government's power to tax interest income from its own obligations while at the same time realizing that Missouri, as a state, may not do so.

■ Accordingly, we hold that a Subchapter S corporation shareholder whose adjusted federal gross income includes interest on obligations of the United States government may subtract that amount in determining his Missouri taxable income.

■ The Commission argues that the trial court erred in ordering it to pay court costs "because it is well established that costs cannot be recovered from the state of Missouri in state courts." The trial court did not order the Commission to pay costs. The clerk of the circuit court, by his fee bill, assessed costs of forty dollars against the Commission. This, of course, was impermissible. *Murphy v. Limpp,* 347 Mo. 249, 147 S.W.2d 420 (1941); *Canteen Corporation v. Goldberg,* 592 S.W.2d 754 (Mo. banc 1980).

The judgment of the trial court is affirmed on the merits and remanded for proceedings not inconsistent with this opinion.

RENDLEN, C.J., WELLIVER, HIGGINS, GUNN, JJ., and HENLEY and SEILER, Senior Judges, concur.

BILLINGS and BLACKMAR, JJ., not participating because not members of the Court when cause was submitted.