Francis L. EDERER, et al.,
Plaintiffs-Appellants,

v.

Rufe DALTON, County Clerk of Ripley
County, et al., Defendants-Respondents.

DONIPHAN REORGANIZED SCHOOL
DISTRICT NO. 1 OF RIPLEY
COUNTY, Plaintiff-Appellant,

v.

Rufe DALTON, County Clerk of Ripley
County, Defendant-Respondent,

and

Francis L. Ederer, et al.,
Intervenors-Respondents.

No. 62857.

Supreme Court of Missouri,
En Banc.

July 14, 1981.

Ted Henson, Poplar Bluff, for plaintiffs-appellants.

James B. Crenshaw, Randy P. Schuller, Piedmont, for defendants-respondents.

HIGGINS, Judge.

Francis Ederer and other taxpayers of Doniphan Reorganized School District No. 1 of Ripley County appeal from an adverse judgment in their action to enjoin Rufe Dalton, county clerk, and the directors of the school board from levying an illegal tax rate. The school board appeals from an adverse ruling in its declaratory judgment action against the county clerk and the intervenor taxpayers to declare the clerk's duty to extend the tax books based on a second estimate filed after the date provided in § 164.011, RSMo 1978. The appeals were transferred before opinion by the Court of Appeals, Southern District, because they involved construction of revenue laws. Reversed for entry of a new judgment.

In April, 1971, the voters in the Doniphan Reorganized School District authorized an operating tax levy of $2.65 exclusive of debt retirement. The voters, at an election on August 17, 1976, approved a two year $.98 increase in the operating levy for a total operating levy of $3.63. The board applied the $3.63 levy for the next two school years, 1976–77 and 1977–78.

On April 4, 1978, and August 8, 1978, elections were held on propositions to "retain" the $.98 increase and total operating levy of $3.63. The proposition was defeated at both elections, and the board set the operating levy at $2.65 for the school year 1978–79. On April 3, 1979, a proposition was submitted to the voters to increase the tax levy for operating purposes by $.85 for a total operating levy of $3.50. This proposal was also defeated.

On July 6, 1979, the board filed a tax estimate with the county clerk in accordance with § 164.011, RSMo 1978, based on a levy of $2.65; on July 30, the board filed a second estimate based on a levy of $3.63.

On August 6, 1979, the taxpayers sued the county clerk and school board claiming the second estimate was filed after the fifteenth day of July in violation of § 164.011, RSMo 1978; that the 1976 election was invalid because the ballot did not define the purpose of the increase as required by Mo. Const. art. X, § 11(c), and that the ballot did not follow the form in § 164.031, RSMo Supp. 1976. The taxpayers asked also for a declaratory judgment as to the rate of tax that could be levied in the school district.

On October 15, 1979, the school board sued the county clerk for a declaratory judgment to establish his duty to extend the tax books according to the revised estimate. The taxpayers intervened to oppose this action and the cases were consolidated.

The trial court found that the challenge to the August 17, 1976, election was without merit and untimely. It further determined that because no levy rate higher than the $3.63 operating levy approved August 17, 1976, had been submitted to the voters, there was no need for the three subsequent levy elections, and therefore, the results of the elections had no effect on the right of the school board to certify an operational levy of $3.63 as the last tax levy approved

by the voters. The court found, however, that the revised estimate was filed too late pursuant to the requirements of § 164.011, RSMo 1978, and thus the first estimate was applicable for the school year 1979–80.

Under Mo.Const. art. X, § 11(b), the maximum levy that can be imposed without voter approval by a school district formed of cities and towns is $1.25 upon $100.00 assessed valuation. Mo.Const. art. X, § 11(c) further provides in part:

> [I]n school districts the rate of taxation as herein limited may be increased for school purposes so that the total levy shall not exceed three times the limit herein specified and not to exceed one year, except as herein provided, when the rate period of levy and the purpose of the increase are submitted to a vote and a majority of the qualified electors voting thereon shall vote therefor; * * * provided, that in any school district where the board of education is not proposing a higher tax rate for school purposes, the last tax rate approved shall continue and the tax rate need not be submitted to the voters; provided, that in school districts where the qualified voters have voted against a proposed higher tax rate for school purposes, then the rate shall remain at the rate approved in the last previous school election except that the board of education shall be free to resubmit any higher tax rate at any time * * *.

▆▆▆ Mo.Const. art. X, § 11(c), contains both the limitation of "not to exceed one year" and the directive that "the last tax rate approved shall continue and the tax rate need not be submitted to the voters."

The former phrase was enacted as part of the 1950 amendment which permitted an increase in the tax levy by majority vote above the amount permitted without voter approval. The increase could be effective for one year only. *Rathjen v. Reorganized School District R–II*, 365 Mo. 518, 532, 284 S.W.2d 516, 526 (banc 1955). In 1970, Mo. Const. art. X, § 11(c), was again amended and the latter phrase was added. It obviated the requirement that tax levies be submitted annually to the voters. *See Fisher v. Reorganized School District No. R–V*, 567 S.W.2d 647 (Mo. banc 1978). Thus the one year limitation which at one time forced tax levies to be voted on every year was rendered ineffectual.[1]

▆▆▆ The 1970 amendment cannot reasonably be read, however, to permit indefinite continuation of a tax rate approved by the voters for a limited period of time. To permit such a continuation would defeat the expectations of the voters. It would in effect be a fraud on those voters who were in favor of an increase, but only because of a belief it would be in effect for a limited period. The 1970 amendment must therefore be read to permit an increase to continue indefinitely only when no time limit has been placed on its duration.[2]

▆▆▆ The court erred in its finding that there was no need for the three subsequent levy elections on the ground that $3.63 was the last tax rate approved by the voters and the maximum permissible levy that could be certified. Had no time limit been placed on the levy, it would have continued indefinitely pursuant to Mo.Const. art. X, § 11(c); but by placing a two year limitation on the

---

**1.** The provisions of the later amendment prevail over provisions of a prior amendment to the extent they are inconsistent. *State ex rel. Board of Fund Commissioners v. Holman*, 296 S.W.2d 482, 491 (Mo. banc 1956).

**2.** Mo.Const. art. X, § 11(c), requires the "rate period of levy" be submitted to the voters. This provision was enacted as part of the 1950 amendment, and prior to the 1970 amendment the "rate period" would necessarily be one year. It too is ineffectual under the 1970

amendment because it is illogical to require that all tax levy increases have a specified "rate period" in view of the language of the 1970 amendment providing that "the last tax rate approved shall continue and the tax rate need not be submitted to the voters." *See also* § 164.031, RSMo 1978, which dispenses with any provision for a "rate period" in the ballot form for submission of tax levy increases.

$.98 increase approved in 1976, that levy expired at the end of the 1978 school year. If the school board wished to continue to levy a tax rate of $3.63, it was required to submit the proposition to the voters. All three attempts to retain the increase having failed, the tax levy returned to $2.65, the last tax rate approved by the voters prior to the 1976 election in which the $.98 increase was approved.

Accordingly, the judgment is reversed and the cause remanded with directions to enter a judgment declaring $2.65 to be the maximum tax that can be levied in the school district.

All Concur.