Dear Representative Steinmetz:
This replies to your request for an opinion on the subject of tax levies in the Special School District of St. Louis County. Your inquiry states:
 On August 3, 1976 at a special election the voters of the Special School District of St. Louis County approved a tax increase of twenty cents. The wording of the ballot specifically stated that the levy was to be collected "for one year" (see exhibit "A"). On April 6, 1976 the voters of the same district failed to approve a bond issue and levy for construction of a vocational school. The Special School District of St. Louis County has continued to collect the twenty cent levy increase even though the ballot specifically stated the levy was to last only one year. QUESTION: Is it lawful to continue to collect the tax when the ballot contains a termination date in the express approval of the levy? When the ballot specifically indicates the revenues will be expended for specific purposes can the funds be expended for another purpose, i.e., the construction of a vocational school?
At the outset, we must confess our amazement that it has been declaimed in some quarters that whatever we conclude in response to your request will be decisive of the present controversy surrounding the tax levy of the Special School District and will determine future actions taken by its board of directors.[1] In actuality, the question of the effect of a time limitation placed on a school tax levy has already been answered by the Missouri Supreme Court in a unanimous decision handed down on July 14, 1981, and, more recently, by the Missouri Court of Appeals, Southern District, in an opinion filed January 6, 1982. It strains credulity to suppose that those cases have gone unnoticed or that their teachings have eluded apprehension by school boards and administrators, and their counsel, or that such persons would expect that our views would be contrary to the decisions so recently issued from the appellate bench. Moreover, for more than six weeks we awaited some expression of the District's legal position on the questions you posed, which we invited and which counsel for the District indicated would be provided.
In Ederer v. Dalton, 618 S.W.2d 644 (Mo. banc 1981), the Supreme Court of Missouri ruled that a school district could not continue to levy, for more than two years, an increase in the tax rate which the voters had approved for only a two-year period. The court stated that Article X, Section 11(c) of the Missouri Constitution:
 cannot reasonably be read, . . . to permit indefinite continuation of a tax rate approved by the voters for a limited period of time. To permit such a continuation would defeat the expectations of the voters. It would in effect be a fraud on those voters who were in favor of an increase, but only because of a belief it would be in effect for a limited period. The 1970 amendment must therefore be read to permit an increase to continue indefinitely only when no time limit has been placed on its duration.
* * *
 Had no time limit been placed on the levy, it would have continued indefinitely pursuant to Mo. Const. art. X, § 11(c); but by placing a two year limitation on the $.98 increase approved in 1976, that levy expired at the end of the 1978 school year. If the school board wished to continue to levy a tax rate of $3.63, it was required to submit the proposition to the voters. . . . Id. at 646.
Similarly, in Southwestern Bell Telephone Co. v. Wickliffe,
No. 12242 (filed January 6, 1982), the Missouri Court of Appeals held that Article X, Section 11(c), Missouri Constitution, does not permit indefinite continuation of a tax levy authorized for a period of two years, stating at page 8 of the slip opinion:
 A reasonable application of Art. X, § 11 (c) requires that the tax rate should not be extended beyond the time represented to the public. Extremely clear language in the Missouri Constitution would be required before we would say that a provisions in it would allow the voters to be misled by the language in the documents preliminary to election, the notice of election, and the ballot. . . . The authorization under Art. X, § 11(c), to continue the last approved tax rate can only reasonably mean the last tax rate approved without any time limitation.
The holdings in Ederer and Southwestern Bell are dispositive of your first question.
We believe your second question is answered by our Opinion Letter No. 123 (1979), a copy of which is enclosed. See also, Section 165.021, RSMo 1978.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Opinion No. 123 (1979)
[1] School boards are authorized to place on leave, without pay, at any time, as many teachers as may be necessary because of the financial condition of the school district. Section 168.124, RSMo 1978; Frimel v. Humphrey, 555 S.W.2d 350 (Mo.App. 1977).