**Elmer V. A. BAYER, Plaintiff-Appellant,**

v.

**ASSOCIATED UNDERWRITERS, INC., and Roland A. Orf and Mary M. Orf, d/b/a Thirty-Nine Twenty Company, Defendants-Respondents.**

No. 32132.

St. Louis Court of Appeals.

Missouri.

March 15, 1966.

Rehearing Denied April 12, 1966.

Gray & Sommers, R. Michael Fischer, St. Louis, for appellant.

Michael D. O'Keefe and Daniel P. Reardon, St. Louis, for respondent, Associated Underwriters, Inc.

George E. Helfers, Clayton, for respondents Roland A. Orf and Mary M. Orf, d/b/a Thirty-Nine Twenty Co.

CLEMENS, Commissioner.

The plaintiff sued for both a temporary and a permanent injunction. When the prayer for the temporary injunction came on for hearing, the trial court not only denied that relief but also dismissed the petition. The plaintiff appeals, and the question here is whether the trial court exercised its jurisdiction prematurely.

The plaintiff had sued defendants to restrain and enjoin them from interfering with an easement granted him by separate, successive leases from each defendant. He further asked for damages and specific performance of the leases. The essence of the petition: The corporate defendant had owned a small office building and had its own offices at the rear of the building. It leased plaintiff the suite of offices at the front of the building and five parking spaces in back of the building, and it granted plaintiff the right of passage through its own retained office space. This arrangement enabled the plaintiff and his employees to pass directly to and from his offices and the parking lot. The next year, the corporate defendant sold the entire property to its president, Roland A. Orf, and his wife, the individual defendants.

The Orfs then executed two new leases. Their lease to the plaintiff granted him the same easement through the rear of the building, but their lease to the corporate defendant imposed no easement for plaintiff's passage. Nonetheless, the plaintiff and his employees continued to use the easement for another year; but then the corporate defendant barred them from going through its offices. Consequently, plaintiff and his employees have had to walk a block and a half to and from the parking lot, to plaintiff's damage.

When this petition was filed, the trial court issued an order to show cause why the defendants should not be temporarily enjoined from interfering with the plaintiff's easement. At the hearing on this show cause order, the court entered a judgment which not only denied the prayer for temporary injunction but also dismissed the plaintiff's petition. Plaintiff appeals from the judgment, contending that the only justiciable issue then before the trial court was his prayer for a temporary injunction, and that the court erred in dismissing the petition. We agree.

There are three permissible phases in an injunction proceeding. First, a *restraining order* granted against the defendant, with or without notice or hearing. Second, a *temporary injunction* granted after notice and summary hearing. Third, a *permanent injunction* granted after the pleadings are made up and the evidence is fully developed. At a plaintiff's election he may forego the first or both the first and second phases, and proceed directly to the next phase. See Civil Rules 92.01 and 92.02, V.A.M.R.; 1 Missouri Practice, Volz et al., §§ 1471 and 1474; 4 Missouri Pleading & Practice, Houts, §§ 1011 and 1024.

Here, the plaintiff did forego a restraining order and he sought, in turn, a temporary injunction and a permanent injunction. When the petition was filed, the court responded to the first request and ordered the defendants to appear and show cause why the temporary injunction should not

be granted. The defendants had not yet been ordered to, and did not, file answers to the petition. But on the day specified by the court each defendant filed a return to the order to show cause, appeared in person and with counsel, and submitted to the hearing. The plaintiff then offered the corporate defendant's vice-president as a witness, but had hardly proceeded beyond his identification when the judge recessed the hearing and asked counsel into his chambers. There, the judge invited the corporate defendant to offer in evidence the new lease between it, as tenant, and the individual defendants, as owners. As said, that lease did not mention the plaintiff's easement. Thereupon, the judge announced the adverse ruling and he and the parties signed a memorandum, pursuant to which the final judgment was entered denying the temporary injunction and also dismissing the petition. Plaintiff's motion for a new trial charged error in dismissing his petition without a trial thereon, and when that motion was denied he appealed.

■ The plaintiff had initially requested the court to issue the order to show cause why a temporary injunction should not be issued. The court did so. The defendants were thereby summoned to appear for that specific purpose; they filed written returns to that order; and they appeared before the court as directed. Nothing but the issue of granting or denying a temporary injunction was then before the court for adjudication. As said by Judge Lamm in the case of State ex rel. McManus v. Muench, 217 Mo. 124, 117 S.W. 25 [1], courts do not set themselves in motion but remain passive until the issues are framed by the parties; that what the court decides within those issues is res judicata, but anything beyond is coram non judice and void. So, at the hearing now under consideration the ambit of the court's authority was limited to the area of controversy which the parties had adopted and the court itself had prescribed.

This principle has been applied in injunction suits to draw a jurisdictional line of demarcation between the hearing on the motion for a temporary injunction and the trial on the merits for a permanent injunction. This, because the primary object of the former is to maintain an existing status until the latter is adjudicated. Cirese v. Spitcaufsky, Mo.App., 265 S.W.2d 753 [1–2]. The cases of State ex rel. Eagleton v. Cameron, Mo., 384 S.W.2d 627 [4–7], and Stegmann v. Weeke, 279 Mo. 131, 214 S.W. 134 [1], are analogous to the one now before us. In each, the trial court held a hearing on a motion for temporary injunction, and not only denied the motion but went further and dismissed the petition. In each case the Supreme Court ruled that the trial court had exceeded its jurisdiction by prematurely ruling on the issue of permanent injunction. Here, the trial court went even further, for by its dismissal of the petition it also summarily snuffed out the plaintiff's prayer for damages and specific performance.

■ The plaintiff does not and may not appeal from the denial of his plea for a temporary injunction. That order was not appealable. Goldman v. Hoehn, 228 Mo.App. 202, 64 S.W.2d 733 [2]. So, our remand will be limited. The judgment should be reversed and the cause remanded with instructions to the circuit court to grant defendants leave to plead to the petition, and then to proceed as to all relief sought except plaintiff's plea for a temporary injunction.

PER CURIAM.

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, judgment is reversed and the cause is remanded with instructions to the circuit court to grant defendants leave to plead to the petition, and then to proceed as to all relief sought except plaintiff's plea for a temporary injunction.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.