Karen M. FRIMEL, Kendall A. Shipley, and Donna K. Jones, Plaintiffs-Appellants,

v.

Norman HUMPHREY, John R. Ferguson, Jeanne Miller, Robert B. Goodrich, Carlton L. Milby, Betty Stites and Emory Parks, Defendants-Respondents.

No. KCD 28234.

Missouri Court of Appeals, Kansas City District.

Aug. 8, 1977.

Motion for Rehearing and/or Transfer Denied Aug. 29, 1977.

George E. Kapke, Thomas D. Cochran, Piedimonte & Cochran, Independence, for plaintiffs-appellants.

Rufus Burrus, Independence, for defendants-respondents.

Before DIXON, P. J., and NORMILE, CONLEY and BELT, Special Judges.

FRANK CONLEY, Special Judge.

This is an appeal from a judgment entered on August 21, 1975, denying appellants' application for a temporary injunction and the granting of respondents' motion to dismiss appellants' petition and assessing the costs of the action.

Appellants, Karen Frimel, Kendall Shipley and Donna Jones, were each offered probationary teaching contracts with the Independence School District on April 14, 1975. Each appellant executed and returned the probationary teaching contracts. All of the appellants were members of the Missouri Public School Retirement System.

The respondents acting as the Board of Education passed a resolution on June 24, 1975, furloughing ten probationary teachers including appellants.

Each appellant on June 25, 1975, was forwarded an identical letter from the school district which provided that they were being officially placed on leave by the Board of Education, without pay, because of "further erosion of the expected sources of revenue."

Thereafter, appellants filed a petition for temporary and permanent injunction. Respondents filed motions to dismiss, and a hearing was held on appellants' application for a temporary injunction. The trial court denied appellants' application for a temporary injunction and granted respondents' motion to dismiss. Appellants filed timely notice of appeal, and this appeal was perfected.

From an examination of the transcript, it appears that the hearing held before the trial court on July 30, 1975, was, in fact, on appellants' application for a temporary injunction and that there was no explicit stipulation to hear the case on its merits. It further appears from a review of the transcript that the plaintiffs-appellants assumed the burden of going forward with the evidence on the temporary injunction.

■ There are three permissible phases in an injunction proceeding:

[1.] a restraining order granted against a defendant with or without notice or hearing; . . .

[2.] temporary injunction granted after notice and summary hearing; and,

. . .

[3.] permanent injunction granted after the pleadings are made up and the evidence is fully developed. (See *Bayer v. Associated Underwriters, Inc.*, 402 S.W.2d 11, 12 (Mo.App. 1966).

It is furthermore noteworthy that the burden is expressly placed upon the defendant to show cause why the temporary injunction should not issue. See *State ex rel. Eagleton v. Cameron*, 384 S.W.2d 627 (Mo. 1964).

Furthermore, the denial of a prayer for temporary injunction is not appealable. See *Bayer v. Associated Underwriters, Inc.*, supra, and *Goldman v. Hoehn*, 228 Mo.App. 202, 64 S.W.2d 733 (1933).

■ The parties have, however, stipulated that there is no additional evidence other than that received at time of hearing on the temporary injunction and the sense of their comments at the oral argument is that they implicitly agreed to the hearing on the entire case. They likewise assumed the burden of going forward with the evidence as in a hearing on a permanent injunction. We consider this matter as a final appealable order from the trial court's action.

■ The correctness of the trial court's action depends upon an interpretation of § 168.124, RSMo 1969, and upon a determination as to whether the School Board's furloughing of appellants was unconstitutional, unlawful, unreasonable, arbitrary or capricious or involved an abuse of discretion. Rule 100.08.

Section 168.124 provides that:

"The board of education of a school district may place on leave of absence as many teachers as may be necessary because of a decrease in pupil enrollment, school district reorganization or the financial condition of the school district."

Subsection (1) further provides that a permanent teacher may not be furloughed if

qualified for a position in which a probationary teacher is retained. A reasonable construction of this statute would indicate that both probationary and permanent teachers may fall within the category which may be placed on leave of absence described "as many teachers as may be necessary . . . ." Obviously, if a decrease in pupil enrollment, reorganization, or the financial condition of the school district, or any combination of these factors, should necessitate furloughing "as many teachers as may be necessary," the legislature must have contemplated that a combination of probationary and permanent teachers might be required to be placed on leave of absence to meet the reduced manpower needs. The preference for retaining permanent teachers over probationary teachers as long as the permanent teachers are qualified for the available positions reinforces such a construction of the statute.

■ We conclude that § 168.124 applies to both permanent and probationary teachers, and that probationary teachers may be placed on leave of absence if the school board finds such action "necessary."

Plaintiffs also contend that the trial court erred in denying plaintiffs' injunction because it was established that the Board's action was not necessary and exceeded the authority of Section 168.124, RSMo 1969.

While neither alluded to by plaintiffs or defendants in their briefs or arguments, the review which plaintiffs seek is that provided by Rule 100.08.

Rule 100.08(a) provides that the trial court may not substitute its discretion for the discretion legally vested in the School Board. The court may only "determine whether such decision, in view of the facts as they appear to the court, is unconstitutional, unlawful, unreasonable, arbitrary or capricious or involves an abuse of discretion." *Harrod v. Board of Education, City of St. Louis*, 500 S.W.2d 1, 6 (Mo.App.1973).

■ A review of the record, while replete with enrollments, teacher-pupil ratios and other aspects of the budget of a large metropolitan school district does not disclose that the Board acted arbitrarily or capriciously or that it exceeded its authority. The record does not support the contention that the Board acted other than properly in furloughing certain teachers on the basis of declining enrollments and other financial considerations.

■ As stated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976):

". . . the decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law."

Here, the trial court made detailed findings and specifically found from the evidence presented that plaintiffs' evidence "was not persuasive" to sustain the plaintiffs' position.

From an examination of the transcript, the trial court's findings and our review, there is no showing that the Board acted in excess of their authority.

Judgment affirmed.

All concur.