**Cynthia SIMMS, Plaintiff-Appellant,**

v.

**FORD MOTOR CREDIT COMPANY, a corporation, Defendant-Respondent.**

No. 40396.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 9, 1980.

Frances Dianne Taylor, Rodney H. Powell, Richard B. Teitelman, Legal Aid Society of St. Louis, St. Louis, for plaintiff-appellant.

John S. Sandberg, Steven P. Sanders, St. Louis, for defendant-respondent.

KELLY, Chief Judge.

The appellant, Cynthia Simms, appeals from a judgment of the Circuit Court of the City of St. Louis dismissing her First Amended Petition and rendering judgment

for the respondent, Ford Motor Credit Company. We reverse the judgment of the Circuit Court and remand the cause of action for further proceedings consistent with the instructions hereinafter set out.

On July 20, 1977, appellant entered into a Missouri Automobile Retail Installment Contract which was assigned to the respondent, Ford Motor Credit Company, a corporation, on July 27, 1977, whereby the respondent extended credit to the appellant for the purchase of a 1977 Ford LTD II automobile. The total amount of the contract, including a finance charge of $980.00, came to $5,649.48 payable over a 36 month period in monthly installments of $156.93. Title was vested in the petitioner subject to a security interest the respondent retained in the automobile.

Appellant failed to make a payment on the note due on December 3, 1977, and within the 17 day period thereafter respondent's parent corporation, located in Dearborn, Michigan, sent petitioner two delinquency notices. When no reply was received in response to these notices, respondent sent five letters to petitioner and made eight attempts to reach her by telephone both at home and at work. On only one of these telephone attempts was she contacted, and that was on January 4, 1978. She had also failed to make the January 3, 1978, payment and by this time she was two payments in arrears. While respondent did not specifically notify appellant of its intent to exercise its right to declare all amounts due or to become due under the contract to be immediately due and payable, pursuant to the provisions of paragraph 19 of the agreement, it did, during this telephone conversation of January 4, 1978, notify appellant of the possible repossession of the automobile and appellant replied that the car had been stolen and that respondent should do "whatever [they had] to do." Sometime during the evening of January 26, or the morning of January 27, 1978, respondent had the automobile repossessed. Appellant received a redemption letter on January 27, 1978, via certified mail, whereby she was informed that with full payment of the balance due to respondent–which at

that time was $4,392.13–appellant could regain possession of her car. Respondent filed an application with the Director of Revenue for a Certificate of Ownership of the repossessed car, pursuant to the provisions of § 301.215 RSMo.1969.

On February 22, 1978, the appellant filed a three count petition in the Circuit Court of the City of St. Louis. In Count I of this petition, appellant sought the issuance of a temporary restraining order against the respondent, restraining it from proceeding to gain title to the repossessed automobile and an order that the automobile be returned to the possession of the appellant. Count II of the petition sought a judgment declaring the right of the appellant to possession of the automobile and an order ordering return of possession of the automobile to the appellant. Count III of said petition sought a temporary restraining order prohibiting the respondent from obtaining title to the repossessed automobile and restraining the Motor Vehicle Bureau of the Missouri Department of Revenue from issuing a title to the said respondent for said automobile. On the same date, February 22, 1978, the Circuit Court of the City of St. Louis, entered an order directing the respondent to show cause why a temporary restraining order should not be granted. Arguments were heard on this show cause order on the 24th day of February, 1978, and a temporary order was granted appellant restraining defendant from selling the car or obtaining title thereto. Hearing on the permanent injunction was set for February 28, 1978.

On February 27, 1978, appellant filed a First Amended Petition, incorporating Counts I through III of the original petition therein, and adding a fourth count seeking damages in an amount of $5300.00 and court costs incurred by the appellant.

When the matter came on for trial on February 28, 1978, the trial judge, at the outset, stated that the court was not dealing with the permanent injunction referred to on February 24, 1978, but was going to consider solely the order to show cause why

a temporary injunction should not issue. The court said that it was not clear whether the case was purely at law or equity and therefore, the temporary injunction question had to be answered before any determination could be made whether the car should be sold. The only witness to testify at this hearing was Ronald Lunsford, a Customer Account Representative employed by the Ford Motor Credit Company. He was called by plaintiff's counsel. It is his testimony which is the foundation for the statement of facts in this opinion.

On March 15, 1978, the court filed a memorandum setting forth its Findings of Fact and Conclusions of Law and entered its Order and Judgment that "Plaintiff's Petition for Temporary Restraining Order, Temporary and Permanent Injunction and Declaratory Judgment and First Amended Petition, as well as the Order to Show Cause, is hereby dismissed with prejudice and Judgment is rendered in favor of defendant and against plaintiff. Costs against plaintiff." Appellant, on the 21st day of April, 1978, filed her Notice of Appeal to this court.

This case comes to us in a rather unusual procedural posture. As stated hereinabove, the trial court issued a temporary restraining order on February 24, 1978, prohibiting respondent from selling the Ford automobile or obtaining title thereto. At the same time the trial court set a hearing on the "permanent injunction" for February 28, 1978. However, when the parties appeared on that date the trial judge announced for the record that he was proceeding only on the question whether a temporary injunction should be issued. It was in this setting that plaintiff–appellant called the defendant–respondent's Customer Account Representative to the stand and adduced from him the evidence referred to hereinabove.

Up to this point in the proceedings respondent had filed no pleadings or motions.[1]

■ If, as we conclude, the action of the trial court from which this appeal has been taken occurred at the temporary injunction hearing stage, the trial court's order is not, and cannot be a final order from which an appeal will lie. *Frimil v. Humphrey*, 555 S.W.2d 350, 352[3] (Mo.App.1977); *Bayer v. Associated Underwriters, Inc.*, 402 S.W.2d 11, 13[6] (Mo.App.1966); *Goldman v. Hoehn*, 228 Mo.App. 202, 64 S.W.2d 733, 734[2] (Mo. App.1933).

■ Although the trial court was uncertain whether the case was one in equity or one at law, Counts I and II of the petition sought an injunction pursuant to § 400.9–507(1) RSMo.1978.[2] In this state an injunction proceeding has three permissible phases: (1) a restraining order granted against a defendant with or without notice or hearing; (2) temporary injunction granted after notice and summary hearing; and (3) permanent injunction granted after the pleadings are made up and the evidence is fully developed. *Frimil v. Humphrey, supra.*

■ The issues were not framed when the hearing on the temporary injunction was conducted; respondent had filed no motions attacking appellant's First Amended Petition, nor had it filed a responsive pleading. The parties had not consented to a trial of the cause on the merits, and the trial judge had informed them of the nature of the hearing–whether a temporary injunction should issue.

With the case in this posture the only issue before the trial court for adjudication was whether a temporary injunction authorized by § 400.9–507(1) should be granted restraining respondent from obtaining a "repossessed title" to the Ford automobile and from selling same until the case could be decided on the merits. By proceeding further and dismissing appellant's First Amended Petition with prejudice the trial court exceeded its jurisdiction. *Bayer v. Associated Underwriters, Inc., supra.*

For the reasons aforesaid we reverse the judgment of the trial court and remand the cause with instructions to the Circuit Court

---

1. If respondent filed a return to the order to show cause it has not been incorporated in the transcript on appeal.

2. All statutory references are to RSMo 1978.

to grant the defendant–respondent leave to plead to plaintiff–appellant's First Amended Petition, and then to proceed as to the issues raised by the parties except plaintiff–appellant's plea for a temporary injunction.

Reversed and remanded.

STEPHAN, P. J., and STEWART, J., concur.

