**C.M. BROWN & ASSOCIATES, INC., Appellant,**

v.

**William D. KING and Financial Guardian, Inc., Respondents.**

**No. 47211.**

Missouri Court of Appeals,
Eastern District,
Division Seven.

Dec. 13, 1983.

Anthony S. Bruning, Bernard A. Reinert, Leritz & Reinert, St. Louis, for appellant.

Lashly, Caruthers, Baer & Hamel, H. William Hinderer, III, Amy Rehm Hinderer, St. Louis, for respondents.

CRIST, Judge.

Plaintiff filed a four count petition against defendants arising from an alleged violation by King of an employee agreement restricting competition with plaintiff after his employment terminated. Count I of the petition sought injunctive relief against King. On March 9, 1983, the trial court conducted an evidentiary hearing on plaintiff's application for a preliminary injunction. The court issued a memorandum opinion on March 28, 1983 denying the issuance of the preliminary injunction. The memorandum opinion was designated a final order pursuant to Rule 81.06 and plaintiff appealed. We dismiss.

Orders entered during the temporary injunction stage of a proceeding are not final, appealable orders. *Simms v. Ford Motor Credit Corp.,* 605 S.W.2d 212 (Mo. App.1980). Rule 81.06 does not extend the statutory right of appeal provided in § 512.020 RSMo 1978. *Moreland v. State Farm Fire & Casualty Co.,* 620 S.W.2d 24, 25 (Mo.App.1981).

Rule 81.06 is designed to complement Rule 66.02 which authorizes trial courts to conduct separate trials for any claim if such procedure "will be conducive to expedition and economy." *Shell v. Shell,* 605 S.W.2d 185, 191 (Mo.App.1980). Appellate jurisdiction, however, extends only to judgments or orders within the limits prescribed by § 512.020. Rule 81.06 cannot be used as a means to transmogrify an otherwise unfinal and unappealable order into one sufficient to invoke this court's jurisdiction. Lacking a judgment or order constituting "an independent unit which finally disposes of the claims within the unit," *Shell, supra,* we determine this appeal is premature.

Appeal dismissed.

DOWD, C.J., and PUDLOWSKI, J., concur.