In re the MARRIAGE OF LaVeta J. WILSON (formerly Judd), Appellant,

and

Howard R. Judd, Respondent.

No. WD 39311.

Missouri Court of Appeals, Western District.

April 26, 1988.

H. William McIntosh, Stites, Holliger & Knepper, Kansas City, for appellant.

Dwight K. Scroggins, Jr., St. Joseph, for respondent.

Before GAITAN, P.J., and TURNAGE and CLARK, JJ.

TURNAGE, Judge.

Howard R. Judd filed a motion to change the custody of his seven year old son from the boy's mother, LaVeta J. Wilson (formerly Judd), to himself. LaVeta thereupon filed a motion to increase the amount of child support. The court ordered custody transferred from LaVeta to Howard. LaVeta contends that the judgment is unsupported by the evidence. Reversed and remanded.

Howard filed a motion to modify the custody decree, alleging a number of grounds, but at the hearing, he confined his complaints to problems of visitation. The dissolution decree granted Howard visitation at reasonable times.

A hearing was held in April of 1986 on Howard's motion. Howard testified that he was denied visitation with the child for two weeks in November of 1985. The court entered a temporary order continuing custody of the child in LaVeta and granted Howard custody on alternate weekends as well as on specific holidays. The court stated that it would hold another hearing in six months to determine how the specific visitation times had worked out. The second hearing was held in November of 1986. At that hearing, Howard testified that he had had custody of the child at the times specified in the April 1986 order. He stated that he had only requested to have the child on two occasions at times other than those specified in the order. Both of those times involved requests to return the child later than the time specified for the weekend custody to terminate. Howard testified that, on both occasions, LaVeta denied permission for the return time to be extended. LaVeta also testified and denied any interference with Howard's temporary custody and denied that Howard had made any request for custody at times other than those set out in the order.

The court entered judgment in which it found that LaVeta had made visitation difficult and had refused to follow the court's orders. The court also found that LaVeta had denied visitation and refused to let Howard have the child during the week or overnight. The court further found that LaVeta had been warned many times of the possible consequence of failure to follow the court's orders, and, therefore, the court

found LaVeta in contempt for failure to follow the court's orders.[1]

LaVeta contends that the finding by the court that she had refused to follow the court's orders and had denied visitation or had made visitation difficult was not supported by the evidence. The only evidence concerning the refusal of LaVeta to allow visitation or to allow Howard to have temporary custody pertained to the two weeks in November of 1985 and the two occasions mentioned by Howard, which occurred after the April 1986 order. The November incident was addressed in the April order. The other two incidents involved merely extending the return time after weekend custody and did not involve a request for separate visitation.

There was no other evidence that LaVeta refused to allow Howard to visit, and even Howard testified that he had exercised all of the specific visitation and temporary custody times set out in the April 1986 order.

The only explanation to be found in the record for the court's order was the fact that the court expressed displeasure over the failure of Howard to have the child overnight during the week. However, there was no evidence that Howard ever requested visitation through the week, so there was obviously no evidence that LaVeta had refused to allow Howard overnight custody during the week.

It is apparent from the record that the court became very unhappy with LaVeta over visitation. However, the record does not support the court's finding that LaVeta refused Howard visitation.

The judgment transferring custody from LaVeta to Howard is not supported by substantial evidence, and for that reason, the judgment must be reversed. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).[2]

1. Because of the disposition of this case, it is not necessary to explore the contempt finding. As in *State ex rel. Shepherd v. Steeb*, 734 S.W.2d 610 (Mo.App.1987), there was no mention of contempt and no notice given concerning any contempt hearing prior to the finding that LaVeta was guilty of contempt.

2. It should be noted that the judgment also ordered LaVeta to pay Howard $34 per week child support. Howard's motion had not raised

The judgment is reversed, and this cause is remanded for hearing and disposition of LaVeta's motion to increase child support.

All concur.

any issue concerning the payment of child support by LaVeta. In *Bayer v. Associated Underwriters, Inc.*, 402 S.W.2d 11, 13[3–5] (Mo.App. 1966), the court held that "courts do not set themselves in motion but remain passive until the issues are framed by the parties." Anything decided outside of those issues is coram non judice and void. If the judgment were not reversed on other grounds, the award of child support would have to be reversed.