v.

ARROW MOTORS, INC., Third
Party Defendant/Appellant.

No. 71368.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 11, 1997.

ST. LOUIS TELE–COMMUNICATIONS,
INC., d/b/a TCI Cablevision of St.
Louis, Plaintiff/Appellant,

v.

PEOPLE'S CHOICE TV OF ST. LOUIS,
INC. and Ray Kruse Construction Co.,
Inc., Defendants/Respondents.

No. 71869.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 11, 1997.

Before CRANE, P.J., and RHODES RUSSELL and JAMES R. DOWD, Jr., JJ.

*ORDER*

Michael Clithero, St. Louis, Terry Bienstock, Philip Kantor, Miami, FL, for plaintiff/appellant.

Stephen Higgins, Jeffrey Kass, St. Louis, for People's Choice.

Edward Miller, Jr., St. Louis, for Kay Kruse Construction.

CRANDALL, Judge.

Plaintiff, St. Louis Tele–Communications, Inc. doing business as TCI Cablevision of St. Louis ("TCI"), appeals from the judgment entered on its action arising from an agreement for cable television services. We reverse and remand.

Ray Kruse Construction Company ("Kruse") owns and manages the Parquet Carondelet Apartments ("apartments") in St. Louis, Missouri. TCI provides cable services and has a franchise from St. Louis to service portions of the city including where the apartments are located. On July 1, 1987, Kruse and TCI entered into an agreement where TCI would provide cable services for the apartments' residents.[1] TCI installed co-axial cables and other equipment at the apartments, and provided cable services to the residents.

People's Choice TV of St. Louis, Inc. ("People's Choice") is engaged in the distribution of satellite delivered programming. On November 3, 1994, People's Choice and Kruse entered into an agreement where the service provided by People's Choice would be the "sole multichannel video and audio programming service" provided to the apartments' residents. In a letter dated November 3, 1994, Kruse notified TCI that effective that day, it was terminating their agreement for cable services.

TCI brought an action against People's Choice and Kruse. TCI's amended petition contained five counts; breach of contract, trespass, two counts of tortious interference with business relationships, and a count for declaratory relief. In addition to declaratory

1. The agreement was with STL Cablevision, TCI's predecessor, and for purposes of this appeal, we shall refer to TCI when discussing the agreement and performance.

relief, TCI sought damages and injunctive relief. TCI also filed a motion for preliminary injunction. Kruse filed a motion to dismiss and a cross-claim for declaratory relief. People's Choice filed a motion with a counterclaim and cross-claim, seeking in part declaratory relief. The parties entered into a stipulation of facts that provides that the purpose of the stipulation was for TCI's motion for injunctive relief, People's Choice's counterclaim and cross-claim, and Kruse's cross-claim. The parties stipulated that TCI performed and wanted to continue to perform pursuant to its agreement with Kruse. The parties also stipulated that there was a "bona fide controversy" between the parties regarding: (1) TCI's access rights and ability to provide cable television service to residents of the apartments that desire its service; (2) the enforceability and validity of the agreement between TCI and Kruse and Kruse's right to terminate this agreement; and (3) the validity of the provisions of the agreement between People's Choice and Kruse purporting to terminate TCI's access and granting People's Choice exclusive access.

During a hearing on October 10, 1995, the parties presented arguments and TCI called one witness to lay a foundation for admitting two St Louis ordinances. Kruse objected to the witness's credentials to testify regarding authenticating the ordinances but later stipulated to the authenticity of the ordinances. The court entered an order on April 8, 1996 and the first paragraph provides "This case came before this Court on Plaintiff's Motion for Preliminary Injunction. The matter was called, heard and submitted. The parties submitted a Joint Stipulation of the Facts. Having consider[ed] the parties' pleadings, motions, and arguments, this Court denies the motion for preliminary injunction." In its order, the court stated that the contract between TCI and Kruse was unenforceable to the extent it remained executory, this contract was terminable at will, TCI's trespass claim for an easement is not recognized under Missouri law, and TCI's tortious interference claims failed to satisfy the required elements for this type of claim. The court concluded by again stating that TCI's motion for preliminary injunction was denied. The April 8, 1996 order was reissued on July 1, 1996 because the parties did not receive "notice of the court's ruling." Without an additional hearing, the court issued a judgment on November 15, 1996 that provides that it was ruling on the remaining issues in the case.[2] The court declared that the rights of TCI and Kruse under their contract were those expressed in the April 8, 1996 order and this contract was unenforceable against Kruse and People's Choice. The court also found for Kruse and People's Choice on TCI's tortious interference and trespass claims. This appeal followed.

■ TCI argues in its first point that the trial court's procedure in rendering final judgment was improper. TCI contends that the trial court erred in relying on the April 8, 1996 order denying TCI's motion for preliminary injunction to enter its November 15, 1996 judgment.

■ There are "three permissible phases" in an injunction proceeding: (1) a temporary restraining order granted against a defendant with or without notice or hearing; (2) a temporary injunction granted after notice and hearing; and (3) a permanent injunction granted after a final disposition on the merits of the case. *St. Louis Concessions, Inc. v. City of St. Louis*, 926 S.W.2d 495, 497 (Mo.App. E.D.1996); *Jackes–Evans Manufacturing Co. v. Christen*, 848 S.W.2d 553, 556 (Mo.App. E.D.1993). The court may order or the parties may agree to consolidate steps two and three into a single hearing. Rule 92.02(a)(2); *Jackes–Evans Manufacturing Co v. Christen*, 848 S.W.2d at 556.[3]

■ A trial court's order advancing and consolidating a trial of the action on the

2. The minutes provide that on July 24, 1996 TCI filed a certificate of service of trial setting and that the cause was put on the trial docket by a different trial judge from the one who issued the orders and judgment.

3. "Rule 92.02(a)(2) carefully preserves a possible separate claim for damages by requiring that the rule 'be so construed and applied as to save to the parties any rights they may have to a trial by jury.'" *Jackes–Evans Manufacturing Co. v. Christen*, 848 S.W.2d at 556–57.

merits with the hearing on an application for preliminary injunction must be clear and unambiguous. *State ex rel. Myers Memorial Airport Committee, Inc. v. City of Carthage,* 951 S.W.2d 347, (Mo.App. S.D.1997). No such order is present in this case.

The stipulation of facts does provide that its purpose is for People's Choice's counterclaim and cross-claim and Kruse's cross-claim. However, as for TCI's claims the stipulation only provides that the purpose is for TCI's motion for injunctive relief. Review of certain remarks by TCI's counsel during the hearing indicate TCI believed the hearing was for TCI's motion for a preliminary injunction. In addition, the trial court's order of April 8, 1996 reflects that the hearing was on TCI's motion for preliminary injunction and does not indicate that the parties had an agreement to submit the case as to all claims at the time of the hearing. The beliefs of People's Choice and Kruse notwithstanding, the record fails to demonstrate that TCI agreed to consolidate. Accordingly, the judgment of the trial court entered on November 15, 1996 must be reversed[4]

■ TCI also argues the trial court erred in ruling that TCI was not entitled to injunctive relief. TCI contends that a preliminary injunction should have been entered to maintain the status quo. The denial of a preliminary injunction is interlocutory and not an appealable judgment. *Leone v. Leone,* 917 S.W.2d 608, 616 (Mo.App. W.D.1996); *Bayer v. Associated Underwriters, Inc.,* 402 S.W.2d 11, 13 (Mo.App.1966).

The judgment of the trial court is reversed and the cause remanded for further proceedings.

AHRENS, P.J., and KAROHL, J., concur.

---

4. Kruse contends that TCI failed to state a claim upon which relief may be granted and therefore TCI's petition was properly dismissed. However, the trial court never ruled on Kruse's motion to dismiss.