**SPECTRUM CLEANING SERVICES
INC., Appellant,**

v.

**Marc BLALACK, Respondent.**

No. 73140.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 23, 1999.

Rehearing Denied May 5, 1999.

Roger Pecha, Clayton, for appellant.

William Thomas Quick, Clayton, for respondent.

LAWRENCE E. MOONEY, Judge.

Spectrum Carpet Cleaning & Dyeing, Inc. ("Employer") appeals from the trial court's order denying its petition for a preliminary injunction. We dismiss the appeal.

Employer filed a verified petition for injunctive relief seeking to enforce a non-compete agreement against a former employee, Marc Blalack. In addition to seeking injunctive relief, Employer's petition also set forth causes of action sounding in breach of contract, quantum meruit, breach of fiduciary duty, and tortious interference with business relationships and expectancies. The trial court initially issued a temporary restraining order enforcing the terms of the non-compete agreement against the former employee. However, following a hearing, the trial court dissolved the temporary restraining order as improvidently granted and denied Employer's request for a preliminary injunction. The trial court determined that the non-compete agreement was unenforceable, because it was too broad in territorial reach and length of time of restraint, and because the court was unpersuaded that the former employee had gained any proprietary information from his employment.

Employer moved to have the cause certified for immediate appeal pursuant to Rule 74.01(b). In its Motion for Certification, Employer argued that the trial court's finding that the non-compete agreement was unenforceable ultimately disposed of all of its claims, thereby constituting a final judgment. The trial court certified the cause for immediate appeal stating that there was no just reason for delay. Employer timely filed this appeal.

In its sole point on appeal, Employer argues that the trial court erred in denying its application for a preliminary injunction in that the trial court misapplied the law in holding that the non-compete agreement was too broad in geographic scope and duration and that Employer had no

protectable business interest. We need not reach this question.

■ Although Employer, the only party to file a brief on appeal, has not raised the issue, we must determine *sua sponte* whether the trial court had authority to certify its judgment as appealable under 74.01(b) as this question relates to our jurisdiction over this appeal. *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc. 1997). Parties may only appeal from a final judgment, meaning one that disposes of all claims and parties leaving nothing for further determination. *Id.* If the trial court's judgment is not final, we must dismiss the appeal for lack of jurisdiction. *Id.*

■ Rule 74.01(b) provides an exception to the finality rule for cases involving multiple claims, allowing the trial court to enter judgment on less than all claims and certify that there is no just reason for delay. However, the trial court's designation of its order as final and appealable is not conclusive and is fully reviewable on appeal. *Id.*

■ An order dissolving a temporary restraining order or denying a preliminary injunction is interlocutory in nature and thus is not appealable. *St. Louis Tele–Communications, Inc. v. People's Choice TV of St. Louis, Inc.*, 955 S.W.2d 805, 808 (Mo.App. E.D.1997); *Leone v. Leone*, 917 S.W.2d 608, 616 (Mo.App. W.D.1996). The appeal here is from a judgment denying a preliminary injunction, yet leaving other claims pending. Thus, there is no final judgment.

Appeal dismissed.

SIMON, P.J., and CRANE, J., concur.