### HAIR KRAZ, INC., Plaintiff/Respondent,

v.

### Pamela R. SCHUCHARDT a/k/a Pamela Raye Walter Schuchardt, who may be d/b/a Hair Xtreme, and Alan J. Schuchardt, Defendants/Appellants,

and

### Sherien E. Rock, Defendant.

### No. ED 83997.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 6, 2004.

Brian A. McKinsey, St. Louis, MO, for Appellant.

Phillip Kent Gebhardt, Desoto, MO, for Respondent.

SHERRI B. SULLIVAN, Chief Judge.

The Schuchardts (Appellants) appeal from a preliminary injunction order enjoining Pamela Schuchardt from, among other things, engaging in the business of cosmetology, hairdressing, and related services within a fifty-mile radius of Arnold, Missouri. Because there is no final, appealable judgment, we dismiss the appeal.

Hair Kraz, Inc. (Respondent) filed a petition against Appellants and Sherien Rock (Rock). In the first amended petition, Respondent alleged seven counts. In Counts I and II, Respondent sought injunctive relief, declaratory relief, and damages against Pamela Schuchardt based on a breach of an agreement not to compete. In Counts III and IV, Respondent sought damages against both Appellants for breach of indemnity and breach of contract. The remaining three counts were directed against Rock for tortious interference with a contract and tortious interference with a business expectancy. Respondent sought an injunction and damages against Rock. At Respondent's request, the trial court entered a preliminary injunction order against Pamela Schuchardt and her agents enjoining them from, among other things, engaging in the business of cosmetology, hairdressing, and related services within a fifty-mile radius of Arnold, Missouri. Both Schuchardts appealed.

An appellate court has jurisdiction only over final judgments that dispose of all parties and issues in the case and leave nothing for future determination. *O'Neill v. O'Neill*, 864 S.W.2d 7, 8 (Mo.App. E.D. 1993). Any adjudication of fewer than all claims or all parties does not terminate the action and is subject to revision by the trial court at any time until final judgment. Supreme Court Rule 74.01(b). Generally, an appeal will not lie from an order granting or denying a preliminary injunction. *Furniture Mfg. Corp. v. Joseph*, 900 S.W.2d 642, 646 (Mo.App. W.D.1995). This rule exists because preliminary injunction orders merely seek to maintain

the status quo between parties and therefore are not final judgments on the merits. *Pomirko v. Sayad,* 693 S.W.2d 323, 324 (Mo.App. E.D.1985). Until a permanent injunction is granted after a final disposition on the merits of the case, no final judgment on an injunction is entered. *See Id.* at 324–25.

Here, there has been no final disposition of the counts seeking injunctive relief against Pamela Schuchardt. Moreover, several other claims remain pending against both Appellants and Rock. Accordingly, there is no final, appealable judgment.

This Court issued an order directing Appellants to show cause why their appeal should not be dismissed because an order granting a preliminary injunction is not a final, appealable judgment. In their response, Appellants primarily address the merits of the preliminary injunction order and contend they will suffer irreparable harm if it is allowed to stand. They make no argument that the order is a final, appealable judgment.

We dismiss the appeal without prejudice for lack of a final, appealable judgment.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.