Charles **POINTER**, Appellant,

v.

Venita **WASHINGTON**, Respondent.

No. **ED 86169.**

Missouri Court of Appeals, Eastern District, Division Four.

March 14, 2006.

Charles Pointer, St. Louis, MO, pro se.

Venita Washington, Ferguson, MO, pro se.

Before NANNETTE A. BAKER, P.J., ROBERT G. DOWD, JR., J., and SHERRI B. SULLIVAN, J.

PER CURIAM.

Charles Pointer ("Father") appeals from the trial court's order denying his petition for a preliminary injunction order to enjoin Venita Washington ("Mother") from taking back child support from him. Because there is no final, appealable judgment, we dismiss the appeal.

Father and Mother married on September 22, 1984. They had two children: B.J., born August 17, 1984, and K.K.A., born August 20, 1985. Father and Mother divorced on March 7, 1990. Under the Decree of Dissolution ("Decree"), the court awarded Mother general care, custody and control of the parties' children. Father was granted reasonable visitation and temporary custody of the minor children away from Mother's residence, with transportation provided by a maternal aunt every other weekend. The Decree also ordered Father to pay Mother $265.00 per month for each of the minor unemancipated children and $1.00 per month for maintenance.

According to Father, after graduating from high school, K.K.A. enrolled in St. Louis Christian College; she still attends. B.J. enrolled in St. Louis Community College after graduating from high school, but withdrew after one semester after being diagnosed with a severe mental illness.

On October 5, 2004, Father filed a Motion for Temporary Injunction, which requested an order prohibiting Mother from continuing to collect unpaid child support, alleging that he had to pay emergency medical expenses for himself. He requested a dismissal of the back child support, contending that under Section 452.340[1] child support should be stopped when visitation rights stopped. He also claimed that his obligation to pay support for the parties' two children should be terminated because both children were emancipated or alternatively abated because Mother interfered with his rights to visit the children.

On March 29, 2005, during the pre-trial hearing on Father's motion, Edith Davis ("Davis"), a representative of the Missouri Family Support Division, Child Support Enforcement ("Division"), testified that

---

1. All statutory references are to RSMo.2004, unless otherwise indicated. We note that Section 452.340.7 provides the following:

A court with jurisdiction may abate, in whole or in part, any past or future obligation of support and may transfer the physical and legal or physical or legal custody of one or more children if it finds that a parent has, without good cause, failed to provide visitation or physical and legal or physical or legal custody to the other parent pursuant to the terms of a judgment of dissolution, legal separation or modifications thereof.

Father owed Mother $60,697.76 for maintenance and support. Davis acknowledged that Division discontinued pursuing collection of current support for B.J. in August 2002, when she turned eighteen years old, and for K.K.A. in August 2003, when she turned eighteen years old.

In the court's Order and Judgment ("Order") on April 7, 2005, it found that since K.K.A. was still attending college and B.J. suffered from a severe mental illness, both daughters remained unemancipated. Since neither K.K.A. nor B.J. was emancipated, the court found that the Division erred in discontinuing its efforts to collect current support for both children. According to the court, Father merely argued that K.K.A.'s attendance at a non-secular college does not qualify her for continued support but failed to introduce any evidence contradicting Mother's testimony. Because the children were not emancipated, the court found that his obligation to pay for the children's support should not be terminated.

Further, the court noted that Father presented no evidence at the pre-trial hearing on the issue of his denial of visitation and temporary custody with the parties' children. During the hearing, Mother stated that even though she had numerous restraining orders against Father and her sister had moved away from St. Louis four or five years ago, she was willing to transport the children so Father could exercise his periods of visitation, but she did not know his whereabouts. Therefore, besides not terminating Father's obligation to pay child support, the court found that Father was not entitled to an abatement of his obligation to pay child support. On April 14, 2005, Father timely filed a notice of appeal *in forma pauperis* pro se.

Father raises eight claims of error on appeal. However, none of Father's points relied on complies with Rule 84.04(d).[2] Under Rule 84.04(d), each point relied on must: (1) identify the trial court ruling or action that the appellant challenges; (2) state concisely the legal reasons for the appellant's claim of reversible error; and (3) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error. Although Father's points on appeal fail to satisfy the requirements of Rule 84.04(d), it appears that Father essentially has one point on appeal: Father claims that the trial court erred in denying his motion for temporary injunction to stop Mother from continuing to collect unpaid child support. We need not reach this question.

An appellate court has jurisdiction only over final judgments that dispose of all parties and issues in the case and leave nothing for future determination. *Hair Kraz, Inc. v. Schuchardt,* 131 S.W.3d 854, 854 (Mo.App. E.D.2004). Generally, orders entered during the temporary injunction stage are not final orders, thus no appeal lies from the denial of a preliminary injunction. *Hagen v. Bank of Piedmont,* 763 S.W.2d 384, 385 (Mo.App. S.D.1989). An order dissolving a temporary restraining order or denying a preliminary injunction is interlocutory in nature and thus is not appealable. *Spectrum Cleaning Servs. Inc. v. Blalack,* 990 S.W.2d 656, 658 (Mo. App. E.D.1999). Until a permanent injunction is granted after a final disposition on the merits of the case, no final judgment on an injunction is entered. *Id.* at 855. If the trial court's judgment is not final, we must dismiss the appeal for lack of jurisdiction. *Spectrum Cleaning Servs. Inc.,* 990 S.W.2d at 658.

**2.** All rule references are to Mo. Rules Civ.     P.2005, unless otherwise indicated.

**804**

■ The appeal here is from a judgment denying Father's motion for a preliminary injunction. Since the court's order denying Father's motion is interlocutory in nature, it is not a final judgment for purposes of appeal. Accordingly, we dismiss the appeal without prejudice for lack of a final, appealable judgment.