### CARLETON PROPERTIES, LLC, and Kimberley J. Carleton as member and individually, Plaintiffs–Appellants,

v.

### Glenda A. PATTERSON, Trustee of the Glenda A. Patterson Trust, and Equity Trust Company Custodian FBO Richard A. Patterson, IRA and Jack Hoke Successor Trustee, and Kevin R. Carleton, Defendants–Respondents.

### No. SD 29752.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 22, 2010.

1. All rule references are to Mo. Sup.Ct. R. (2008), unless otherwise indicated.

William H. McDonald, Springfield, MO, for appellant Carleton Properties.

W. Thomas Norrid, Springfield, MO, for appellant Kimberley Carleton.

Gail L. Frederick, Springfield, MO, for respondent Glenda A. Patterson.

Jack Hoke, of Springfield, MO, for Jack Hoke.

Kevin R. Carleton, pro se.

JEFFREY W. BATES, Presiding Judge.

Carleton Properties, LLC (Carleton), and Kimberley Carleton (Kimberley) appeal from an order denying their request for a preliminary injunction pursuant to Rule 92.02(c).[1] This Court dismisses this appeal for lack of a final judgment.

On January 26, 2009, Carleton filed a motion requesting that the trial court enter a temporary restraining order (TRO) to prohibit a foreclosure sale. The note holders and successor trustee were given notice and appeared at a hearing on January 27th. The court granted Carleton's request. On January 28th, the trial court filed the TRO. As required by Rule 92.02(a)(4)–(5), the TRO noted that it had been entered on the 28th at 9:45 a.m. and that it expired in 10 days. The order also required the parties to appear at a hearing on February 6th at 10:00 a.m.

On February 3rd, Carleton and Kimberley filed a petition naming each of them as a plaintiff. Hereinafter, they will be referred to collectively as Plaintiffs. The note holders, the successor trustee and Kimberley's husband, Kevin Carleton (Kevin), were named as defendants. Plaintiffs' petition sought an extension of the existing TRO, a preliminary injunction, a permanent injunction, declaratory relief and attorneys' fees and costs. In addition, Plaintiffs' petition sought actual and punitive damages from defendants for alleged fraudulent conveyance, fraud and misrepresentation, wrongful foreclosure, civil conspiracy and slander of title.

1. All references to rules are to Missouri Court Rules (2009).

All parties appeared at the hearing on February 6th. The court granted Plaintiffs leave to file their petition and extended the existing TRO for an additional seven days. The parties were ordered to appear for another hearing on February 13th at 10:00 a.m.

All parties appeared again on the 13th. The purpose of this hearing was to determine whether to grant Plaintiffs' request for a preliminary injunction. *See* Rule 92.02(c). After considering the testimony and exhibits presented by the parties, the court denied Plaintiffs' request for a preliminary injunction. None of Plaintiffs' other requests for relief were litigated or decided. This appeal followed.

Although none of the parties have raised the issue, this Court has a duty to determine *sua sponte* whether it has the authority to address the merits of Plaintiffs' appeal. *Hall v. Wal–Mart Stores, Inc.*, 287 S.W.3d 714, 715 (Mo.App. 2009). "The right to appeal is purely statutory." *Barlow v. State*, 114 S.W.3d 328, 331 (Mo.App.2003). Unless a statute grants the right to appeal, no such right exists. *Fogle v. State*, 295 S.W.3d 504, 509 (Mo.App.2009); *K.O. Real Estate, LLC v. O'Toole*, 291 S.W.3d 780, 787 (Mo.App. 2009). Generally, an appeal lies only from a final judgment that disposes of all issues and parties, leaving nothing for future consideration. *Cramer v. Smoot*, 291 S.W.3d 337, 339 (Mo.App.2009); § 512.020(5) RSMo Cum.Supp. (2008).

In the case at bar, there is no final judgment because the court's findings of fact and conclusions of law did not dispose of all issues and parties. *See Hall*, 287 S.W.3d at 715. At the conclusion of the February 13th hearing, the court stated that "the case isn't over and so—but I have a ruling. I'm not going to issue a preliminary injunction." The court so ruled because "Plaintiffs have failed to carry the burden to show they are entitled to the temporary relief sought to enjoin the foreclosure of the Deeds of Trust shown as Exhibits 8 and 10." All of Plaintiffs' points on appeal challenge the findings the trial court made in denying the request for a preliminary injunction. It is well settled that no appeal lies from such a ruling. *Parrish v. Presbytery of Giddings–Lovejoy, Inc.*, 193 S.W.3d 799, 799 (Mo.App. 2006); *Pointer v. Washington*, 185 S.W.3d 801, 803–04 (Mo.App.2006); *Hair Kraz, Inc., v. Schuchardt*, 131 S.W.3d 854, 854–55 (Mo.App.2004); *Spectrum Cleaning Services, Inc., v. Blalack*, 990 S.W.2d 656, 658 (Mo.App.1999); *C.M. Brown & Associates, Inc., v. King*, 662 S.W.2d 572, 573 (Mo.App.1983); *Simms v. Ford Motor Credit Co.*, 605 S.W.2d 212, 213–14 (Mo. App.1980). In the absence of a final judgment, this Court lacks the statutory authority to consider the merits of Plaintiffs' appeal. *Cramer*, 291 S.W.3d at 340.

The appeal is dismissed.

BARNEY and BURRELL, JJ., concur.